BROWN MORGAN, SURVIVING ADMINISTRATOR OF ALICE K. MORGAN, DECEASED, PLAINTIFF, v. HARVEY R. CLARK, JOHN P. DOYLE, SARAH E. DOYLE, HIS WIFE, GEORGE HAYDU, SOMETIMES KNOWN AS GEORGE HAJDU, JULIA HALASZ AND CHRISTINA LEUSENRING, AND HUGO LEUSENRING, HER HUSBAND, DEFENDANTS.

Decided March 10, 1944.

For the motion, *Forman & Forman* (*David S. Forman*, of counsel).

*Contra, Horace G. Prall.*

OLIPHANT, S. C. C. This matter is before me sitting as a Supreme Court Commissioner on a motion made by the defendant Harvey R. Clark for a judgment of *non pros* for lack of prosecution.

The suit is on a bond for a deficiency amounting to $3,115.65. The original mortgage which secured the bond was made by Peter Marhoffer et ux., and John Kraml et ux., to Alice K. Morgan, deceased. By successive conveyances the property came into the hands of Christina Leusenring and Hugh Leusenring, her husband. Each of the successive grantees assumed by proper covenant the payment of the mortgage.

A motion was made by defendants Haydu and Halasz to dismiss the complaint as to them for lack of prosecution. An order granting the motion was signed on December 10th, 1943.

The case was first listed for trial at the Hunterdon Circuit at the April term, 1941, notice thereof having been filed March 24th, 1941. It was not moved, apparently by consent, and the case was added to the list of the September term, 1941. A motion was pending in the cause which was not determined until after the trial of causes at that time and the cause was not re-noticed for trial until the December term, 1943, notice being filed on December 2d.

The defendant was served with that notice of trial on November 29th, it being acknowledged by an attache of the office of defendant's attorney. On December 2d, by letter, the attorney for the defendant endeavored to repudiate that acknowledgment by a letter addressed to plaintiff's attorney which could not have been received by him until after the notice of trial had been filed.

Under these circumstances the attorney for the plaintiff not having taken advantage of his position until after the cause was again noticed for trial, he cannot now complain that there was a lack of prosecution. The situation is not

comparable to that presented on the motion to dismiss as to the defendants Haydu and Halasz.

But this defendant Clark says that by reason of Haydu and Halasz having been released the suit must likewise be *non prossed* as to him and says "It is well established that if by the action of the holder of the bond, one firstly liable be released then the one secondly liable is likewise released." This statement is based on the law of principal and surety which I am not persuaded pertains to this situation, but assuming it did as between Clark and Haydu and Halasz, he was the principal debtor and Haydu and Halasz were in the position of sureties. *Hunt* v. *Gorenberg*, 9 *N. J: Mis. R.* 463; 155 *Atl. Rep.* 881. As to this plaintiff all the defendants are co-sureties, bound by separate instruments. Where sureties are bound by separate instruments a release of one will not discharge the other.

Where two or more sureties contract severally, the creditor does not break the contract with one of them by releasing the other unless a right of contribution has been taken away or seriously affected. 53 *A. L. R.* 1429. No such exception exists here.

A nonsuit or *non pros* for failure to prosecute ends only the suit in which it is entered. A second suit may lie for the same cause of action. *Beckett* v. *Stone,* 60 *N. J. L.* 23; 36 *Atl. Rep.* 880.

The more cogent reason for the conclusion that the position of the defendant here is untenable on the ground that the release of one defendant should release another is that prior to the decision in *Herbert* v. *Corby*, 124 *N. J. L.* 249; 11 *Atl. Rep.* (2d) 240, a suit by a mortgagee could not be maintained at law against assuming grantees. That case enables the mortgagee to sue an assuming grantee at law upon the theory of a contract made for the benefit of a third party (*R. S.* 2:26–3.6; *N. J. S. A.* 2:26–3.6) and in the case of *Woodbridge* v. *DeAngelis*, 125 *N. J. L.* 579; 17 *Atl. Rep.* (2d) 542, our Court of Errors and Appeals seems to have gone a step further and permits such a suit to be brought upon an implied contract of assumption. It permits the mortgagee to sue several assuming grantees. Presumably a

judgment would go against each assuming grantee, the collection thereof being controlled by the court.

These decisions lead me to the conclusion that if in a suit by a mortgagee against several assuming grantees one of them obtains a nonsuit for failure to prosecute, such cannot affect another assuming grantee who still must remain a defendant because not only the obligation of the assuming grantee who obtained the nonsuit is not discharged or released but also because the relationship of surety is not involved. Each covenant of assumption is the individual contract of that particular assuming grantee and this is a direct obligation for the benefit of the mortgagee without regard to the question of suretyship. Each assumption agreement is a separate contract but a suit upon several such contracts may be joined in the same action as was done in *Woodbridge* v. *DeAngelis, supra.*

The motion is denied.